**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 03 2011

JAMES N. ___, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| **CARLETON JINKS, DETRIC L.** | ) | |
| **CUMMINGS, JOHNNY MASON,** | ) | |
| **AND DONNY EDWARDS** | ) | |
| | ) | **CIVIL ACTION** |
| | ) | **FILE NO:**     **-RLW** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **1:11-CV-3352** |
| | ) | |
| **CITY OF ATLANTA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1443(2), 1446(a), 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure, Defendant City of Atlanta files this Notice of Removal of the instant action from the Superior Court of Fulton County, Georgia where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division, and shows the Court as follows:

1.

On August 31, 2011, Plaintiffs filed a Complaint in the Superior Court of Fulton County, Georgia, Civil Action File Number 2011-CV-205191 (attached hereto as Exhibit "A").

473740.1

2.

Defendant City of Atlanta was served with Plaintiff's Complaint and the Summons from the Superior Court of Fulton County on or about September 2, 2011.

3.

The Complaint alleges, among other things, that the Defendants were wrongfully removed from their promoted positions pursuant to city ordinances Section 114-237 and Section 114-250.  The removals were based upon subsequent discovery of suspensions.

4.

The complaint goes further to allege that the cited ordinances are unconstitutional, unreasonable and vague and serve no rational basis.

5.

This court has original jurisdiction of this matter concurrent with the original jurisdiction of the state court and this matter is removable pursuant to the provisions of 28 U. S. C. §§ 1441  and 1446 (b).

6.

This Notice of Removal is timely in that it is filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable pursuant to 28 U.S.C. § 1446

(b).

Respectfully submitted this 3rd day of October, 2011.

ROBERT N. GODFREY
Chief Counsel
Georgia Bar No. 298550

By:   KRISTI D. A. MATTHEWS
Sr. Assistant City Attorney
Georgia Bar No. 773365
Attorneys for Defendant

CITY OF ATLANTA DEPARTMENT OF LAW
68 Mitchell Street, SW, Suite 4100
Atlanta, Georgia  30303-3520
(404) 330-6493 (telephone)
(404) 494-1667 (facsimile)
kmatthews@atlantaga.gov



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

### SUMMONS

| | |
|---|---|
| Carleton Jinks, Detric L. Cummings, Johnny Mason, and Donny Edwards. | ) ) ) ) Case No.: _2011 CV205191_ ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) |
| City of Atlanta | ) ) ) |
| **Defendant** | ) ) ) ) |

TO THE ABOVE NAMED DEFENDANT(S):

Your are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

William J. McKenney, Esq.
McKenney & Froelich
50 Polk Street, NW
Marietta, GA 30064

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___31___ day of _August_, 20 _11_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By _____
Deputy Clerk

To defendant upon whom this petition is served:

This copy of complaint and summons was served upon you_____, 20_____

_____
Deputy Sherriff

*Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used*

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

AUG 3 1 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| Carleton Jinks, Detric L. Cummings, | : | |
| Johnny Mason, and Donny Edwards, | : | |
| | : | Civil Action File |
| Plaintiffs, | : | |
| | : | No.: 2011 CV 205191 |
| vs. | : | |
| | : | |
| City of Atlanta, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

COMES NOW, Carleton Jinks, Detric Cummings, Johnny Mason and Donny Edwards, Plaintiffs in the above-styled matter and herby file their Complaint against the City of Atlanta showing this honorable Court the following:

**PRELIMINARY STATEMENT**

This matter involves two similar City of Atlanta ordinances which permit the removal of candidates for promotion to the ranks of Captain and Lieutenant from the examination process and from the Eligibility List if the sworn member had previously been suspended for five or more days whether consecutive or not. Both City ordinances specifically target removal from the examination process (Section 114-237) and removal from the eligibility list (Section 114-250) based upon subsequent discovery of suspensions. (Exhibit P-1)

Plaintiffs contend the ordinances are overbroad, vague, unconstitutional and unreasonable as applied. Furthermore, since three of the Plaintiffs had already been promoted and serving in their respective ranks, application of the aforementioned ordinances after examination and after promotion from the Eligibility List was illegal and invalid. Additionally, the fourth Plaintiff who was removed from the promotion list challenges the applicability of the ordinance section 114-250 to a "promotion list".

## PARTIES

### 1.

This action is against the City of Atlanta which is a municipality chartered by the State of Georgia which operates a municipal fire department.

### 2.

The Plaintiffs are City firefighters who were promoted to the ranks of Captain and Lieutenant and one who remained on a promotion list and who were subsequently removed from their respective positions.

## JURISDICTION

### 3.

Defendant City of Atlanta is an incorporated municipality existing under the laws of the State of Georgia and may be served with a copy of the Summons and Petition for Declaratory Judgment by service upon Mayor Kasim Reed at 55 Trinity Street, SW, Suite 2400, Atlanta, Fulton County, Georgia 30335.

### 4.

Venue is proper and the Superior Court has exclusive jurisdiction in this matter.

2

## FACTS

### 5.

On November 30, 2009, the City of Atlanta Fire Department announced that applications would be accepted for the positions of Fire Captain and Fire Lieutenant with a closing date of December 29, 2009. (Exhibits P-2, P-3)

### 6.

The minimum qualifications required to participate in the testing process included: (Exhibit P-2)

1) Five years of satisfactory service by the close of the application submission date of December 29, 2009;

2) Possession of a current Georgia Firefighter I Certification;

3) Possession of a Certified ICS (NIMS) 100 and 200; and

4) **The candidate must have no more than five (5) days suspension within the last 24 months as of the close of the application submission date.**

### 7.

The written exams for both ranks of Fire Captain and Lieutenant were administered on April 11, 2010. (Exhibit P-4)

### 8.

Listed as candidates <u>approved</u> to take the examinations were the Plaintiffs, specifically: (Exhibit P-5)

| <u>Lieutenant's Exam</u> | <u>Captain's Exam</u> |
|---|---|
| Detric L. Cummings | Donny Edwards |
| Johnny Mason | Carleton Jinks |

3

**9.**

After the written examination, "structured oral interviews" were conducted on June 3-4, 2010 for Fire Lieutenant, and June 5-6, 2010 for Fire Captain. Each of the Plaintiffs participated in the oral interview process. (Exhibit P-6)

**10.**

On June 21, 2010, based upon the prior written examination and structured oral interview process, "Eligibility Registers" were established, which included each of the Plaintiffs as follows: (Exhibit P-7)

| Fire Lieutenant | Rank | Fire Captain | Rank |
|---|---|---|---|
| Detric L. Cummings | 3 | Donny Edwards | 40 |
| Johnny Mason | 32 | Carleton Jinks | 33 |

**11.**

Thereafter, the Plaintiffs were required to attend mandatory orientation for these respective positions. (Exhibit P-8)

**12.**

On July 10, 2010, the Fire Department issued a memorandum listing those members scheduled to be promoted to the positions of Fire Lieutenant and Fire Captain. (Exhibit P-9) (Captain's List stopped at #39, Donny Edwards #40, did not make the list of those promoted but remained on the Eligibility List)

| Lieutenants | Rank | Captains | Rank |
|---|---|---|---|
| Detric L. Cummings | 3 | Carleton Jinks | 33 |
| Johnny Mason | 32 | | |

**13.**

On August 3, 2010, the promotions were made with reassignments for each fire officer with an effective date of August 5, 2010, as follows: (Exhibit P-10)

| Lieutenants | Captains |
|---|---|
| Detric L. Cummings | Carleton Jinks |
| Johnny Mason | |

4

**10.**

On June 21, 2010, based upon the prior written examination <u>and</u> structured oral interview process, "Eligibility Registers" were established, which included each of the Plaintiffs as follows: (Exhibit P-7)

| Fire Lieutenant | Rank | Fire Captain | Rank |
|---|---|---|---|
| Detric L. Cummings | 3 | Donny Edwards | 40 |
| Johnny Mason | 32 | Carleton Jinks | 33 |

**11.**

Thereafter, the Plaintiffs were required to attend <u>mandatory</u> orientation for these respective positions. (Exhibit P-8)

**12.**

On July 10, 2010, the Fire Department issued a memorandum listing those members scheduled to be promoted to the positions of Fire Lieutenant and Fire Captain. (Exhibit P-9) (Captain's List stopped at #39, Donny Edwards #40, did not make the list of those promoted but remained on the Eligibility List)

| Lieutenants | Rank | Captains | Rank |
|---|---|---|---|
| Detric L. Cummings | 3 | Carleton Jinks | 33 |
| Johnny Mason | 32 | | |

**13.**

On August 3, 2010, the promotions were made with reassignments for each fire officer with an effective date of August 5, 2010, as follows: (Exhibit P-10)

| Lieutenants | Captains |
|---|---|
| Detric L. Cummings | Carleton Jinks |
| Johnny Mason | |

## 14.

## <u>FIRE CAPTAIN CARLETON JINKS</u>

Fire Captain Carleton Jinks was promoted and worked as a Fire Captain for six months until February 17, 2011, when he was demoted to Lieutenant when the City discovered a prior suspension for six days which occurred on March 12, 2010, in violation of City Ordinance 114-250(a). (Exhibit P-11)

## 15.

## <u>PLAINTIFF FIRE LIEUTENANT JOHNNY MASON</u>

On August 5, 2010, Fire Lieutenant Mason was promoted to Lieutenant and worked as a Lieutenant for six months until February 17, 2011, but was returned to his former position as a Firefighter, after the City discovered a prior suspension for 5 days or more which had occurred on April 15, 2010, in violation of City Ordinance 114-250(a). (Exhibit P-11) (Exhibit P-12)

## 16.

## <u>FIRE LIEUTENANT DETRIC CUMMINGS</u>

On August 5, 2010, Plaintiff Cummings was promoted to the rank of Fire Lieutenant (Exhibit P-13) but after serving six months in this position, Lieutenant Cummings was returned to his former class of firefighter on February 17, 2011, after the City discovered a prior five day suspension which occurred in February of 2010 in violation of City Ordinance 114-237 and 114-250. (Exhibit P-13)

## 17.

### FIRE CAPTAIN DONNY EDWARDS

On August 5, 2010, Plaintiff Edwards was listed on the final "Eligibility Register" in the number 40 position for promotion to the rank of Captain. (Exhibit P-6)

## 18.

On December 10, 2010, this Plaintiff was informed that he was going to be removed from the Captain's Eligibility List based upon discovery that he had a prior suspension on May 25, 2010, of five days or more in violation of the Atlanta City Code section 114-237. (Exhibit P-14)

## 19.

### SIMILARITY OF ISSUES

Each of the Plaintiffs have been removed from their promoted positions (Plaintiffs Jinks, Mason and Cummings) and the City's established Eligibility List (Plaintiff Edwards) based upon City Code section 114-237 and/or section 114-250. (Exhibit P-1)

## 20.

Plaintiffs have each filed grievances and have exhausted their administrative remedies. There is no appeal available directly to the Atlanta Civil Service Board. Section 114-250(c)

6

## ORDINANCE SECTION 114-237

### 21.

Code Section 114-237 entitled, "Disqualification from Examination Process" in relevant part provides a basis to disqualify a candidate from the examination process as follows:

Section 114-237

"The commissioner of human resources shall disqualify a sworn member from an examination process under this subdivision when the commissioner has determined that:

> 1)    The sworn member has been <u>suspended five or more days, whether consecutive or not, for violation of the rules and regulations of the department of police, fire, or corrections within 24 months of the last date for filing applications,</u> and all administrative appeals relating to such suspension have been adjudicated.    Should the commissioner of human resources disqualify a sworn member, written notification of the reasons for that action shall be given to the sworn member by the commissioner no later than 30 days <u>before</u> the first competitive part is scheduled or five days <u>before</u> the next competitive part is scheduled in the case of disqualification under subsection (3) of this section." (Emphasis added)

### 22.

Ordinance 114-237, seeks to disqualify candidates <u>not</u> based upon their prior conduct or actions but arbitrarily based upon the number of days the employee happens to be suspended, so long as the days equal five or more.

7

**23.**

Said an ordinance is unreasonable, serves no rational basis, is vague and fails to provide sufficient specific information to the employee so as to warn of the conduct which will disqualify the employee from promotional exams.

**24.**

Said Ordinance is arbitrary and promotes discriminatory enforcement, and serves no legitimate legislative purpose.

**25.**

Said Ordinance is unconstitutional and/or unreasonable, and excludes potential candidates based upon punishment received rather than the underlying conduct or rule violation that arguably might have some relevance for future promotions.

**26.**

Furthermore, since the ordinance must be strictly construed, the ordinance is restricted to prospective enforcement against candidates who seek to participate in the examination process not candidates who have already successfully passed the written and oral portions of the process and have been promoted from an established Eligibility List.

**27.**

As to Plaintiffs Jinks, Cummings, and Mason who were promoted, this ordinance is unenforceable and invalid.

**28.**

As to Plaintiff Edwards who successfully passed the written and oral examinations and whose name appeared on the "Composite Register", the Ordinance is no longer applicable to his position as well.

8

## ORDINANCE SECTION 114-250

### 29.

Said Ordinance, permits removal of a sworn member from an "Eligible List" based upon a five or more day suspension <u>without regard to any time period</u> as follows:

<u>Section 114-250 – removal from eligible list</u>.

(a)     The fire, corrections and police chiefs shall remove the name of a sworn member from an eligible list under this subdivision due to any of the following reasons: (relevant portions)

(4)     <u>Suspension of five or more days, whether consecutive or not, for a violation of the rules and regulations of the applicable department.</u>

(5)     The discovery, after the eligible list has been established, that the sworn member would have been rejected under other sections of this subdivision had the information so discovered been known before the eligible list was promulgated.

### 30.

Ordinance Section 4) is unconstitutional, vague, without a rational basis, unreasonable, and without any restriction as to time or type of conduct prohibited.

### 31.

Arguably under said code section a five day suspension at the beginning of a firefighter's career would prevent any opportunity for advancement for the balance of his career (i.e. 20 years).

**32.**

Ordinance Section 5) is restricted to only those subsections (1-6) identified in this code section 114-250, and pertains to removal from an "Eligible List" not after promotions are made.

**33.**

Consequently, Section 114-250 is unenforceable and may not serve as a basis to remove the Plaintiffs.

## II.
## EQUITABLE ESTOPPEL

**34.**

Plaintiffs incorporate herein paragraphs 1 through 33 of their Complaint verbatim.

**35.**

Plaintiffs were provided study materials by the Defendant City and successfully completed the promotional process by passing the written and oral portions of the testing process and received training for their positions.

**36.**

Plaintiffs relied upon the representations of the Defendant City that once promoted, that they would only be subject to removal for violations of the Fire Department Rules and Regulations.

**37.**

Plaintiffs actually bid upon assignments in their new ranks of Lieutenant and Captain and were assigned to various locations by the Defendant City.

**38.**

Plaintiffs Jinks, Cummings, and Mason actually worked and were assigned the responsibilities and duties of a Captain or Lieutenant for six months until arbitrarily removed by the Defendant City.

**39.**

Plaintiffs relied upon the false representations of the Defendant City which induced the Plaintiffs to participate in the promotional process, the Plaintiffs believed they had in fact been promoted, the Defendant City intended the Plaintiffs to act upon these representations, thereafter employed the Plaintiffs in their respective promotional positions, and substantial prejudice will occur unless the Defendant City is estopped from asserting that the Plaintiffs were subject to removal.

**40.**

## DAMAGES AND RELIEF

Plaintiffs demand reinstatement to their earned promotional positions with appropriate accrued salary and benefits as measured from their date of removal.

**41.**

Plaintiff Edwards, seeks reinstatement to the Captain's Eligibility List.

**42.**

Ordinances 114-237 and 114-250 be declared unconstitutional and/or unreasonable and the City enjoined from enforcing said ordinances

11

## ATTORNEY'S FEES

### 43.

Defendant City arbitrarily removed the Plaintiffs after Plaintiff Jinks, Cummings, and Mason served six months in their respective positions and subsequently denied grievances seeking relief and resolution by Plaintiff Edwards.

### 44.

Defendant City has acted in bad faith, has been stubbornly litigious, and has caused the Plaintiffs unnecessary trouble and expense for which the Plaintiffs seek reasonable attorney's fees and expenses.

WHEREFORE, the Plaintiffs pray:

1) That the Defendant be served with the Summons and Complaint as provided by law;

2) All factual issues be tried by a jury;

3) Ordinance 114-237 and 114-250 be declared unconstitutional, and/or unreasonable and unenforceable;

4) The plaintiffs be reinstated to their respective promotional positions and receive all accrued back salary and benefits as measured from their date of removal;

5) Plaintiffs receive an award of reasonable attorneys fees and that expenses be assessed against the Defendant; and

6) For such other and further relief as this Court may deem just and proper.

This 30th day of August, 2011.

Respectfully Submitted,

William J. McKenney, Esq.
McKENNEY & FROELICH
50 Polk Street, NW
Marietta, Georgia 30064
Georgia State Bar No. 494725
Facsimile: (678) 354-4702
Telephone: (678) 354-4700

13

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CARLETON JINKS, DETRIC L.      )
CUMMINGS, JOHNNY MASON,        )
AND DONNY EDWARDS              )
                              )    **CIVIL ACTION**
                              )    **FILE NO: 2011-CV-205191**
                              )
        Plaintiffs,           )
                              )
v.                            )
                              )
CITY OF ATLANTA,              )
                              )
        Defendant.            )
                              )

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   William J. MCKenney, Esq.
      McKenney & Froelich
      50 Polk Street, NW
      Marietta, GA 30064


Pursuant to 28 U.S.C. §1446(d), you are hereby notified that Defendant has filed a Notice of Removal of the above-styled action to the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto and by this reference made a part hereof.

Respectfully submitted this 3rd day of October 2011.

**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No. 298550

By: _____
**KRISTI D. A. MATTHEWS**
Sr. Assistant City Attorney
Georgia Bar No. 773365
Attorneys for Defendant


**CITY OF ATLANTA LAW DEPARTMENT**
68 Mitchell Street, SW, Suite 4100
Atlanta, GA  30303
(404) 330-6493 (telephone)
(404) 494-1667 (facsimile)
kmatthews@atlantaga.gov

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CARLETON JINKS, DETRIC L.    )
CUMMINGS, JOHNNY MASON,      )
AND DONNY EDWARDS            )
                            )        **CIVIL ACTION**
                            )        **FILE NO: 2011-CV-205191**
                            )
        Plaintiffs,         )
                            )
v.                          )
                            )
CITY OF ATLANTA,            )
                            )
        Defendant.          )
                            )

---

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

**NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court and by

depositing same in the U.S. Mail via First Class with adequate postage thereon,

addressed to the following counsel of record:

> William J. MCKenney, Esq.
> McKenney & Froelich
> 50 Polk Street, NW
> Marietta, GA 30064

**KRISTI D. A. MATTHEWS**
Sr. Assistant City Attorney
Georgia Bar No. 773365
Attorneys for Defendant

**CITY OF ATLANTA LAW DEPARTMENT**
68 Mitchell Street, SW, Suite 4100
Atlanta, GA  30303
(404) 330-6493 (telephone)
(404) 494-1667 (facsimile)
kmatthews@atlantaga.gov